**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ACORN,

        Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,
OFFICER ROBERT SAND and
OFFICER CHRISTINE CHESTER,

        Defendants,

    and

GARY L. SCHROEDER,
MEADOWBROOK MOBILE HOME
PARK, SANDRA GINGLES and
CORONADO VILLAGE MOBILE
HOME COUNTRY CLUB,

        Defendants-Appellees.

No. 98-2074
(D.C. No. CIV-97-287-LFG/RLP)
(D.N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellant ACORN (Association of Community Organizations for Reform Now, Inc.), a nonprofit membership corporation organized "to further the interests of people of low and moderate incomes," Appellant's Br. at 1, appeals the district court's entry of summary judgment on its civil rights claims.  After "review[ing] the district court's grant of summary judgment de novo, applying the same standard used by the district court under Fed.R.Civ.P. 56(c)," Novell, Inc. v. Federal Ins. Co., 141 F.3d 983, 985 (10th Cir. 1998) we affirm.

ACORN seeks to organize tenants of private mobile home parks by entering the parks and going door-to-door to provide information and to solicit membership and funds.  In Albuquerque, New Mexico, ACORN repeatedly sent agents to defendant-appellees Meadowbrook Mobile Home Park and Coronado Village Mobile Home Country Club, private parks which have no-solicitation policies.  ACORN's activities prompted tenants of the parks to complain to defendants-appellees Gary L. Schroeder and Sandra Gingles, the park managers.  Eventually, Schroeder and Gingles contacted the police.  Defendants Richard Saul and

Christine Chester, Albuquerque police officers, issued a trespass notification and arrested an individual who refused to leave the Coronado park.

Claiming that the mobile home parks, the managers, the individual police officers, and the City of Albuquerque had violated its rights to free speech, freedom of association, due process, and equal protection, ACORN filed this action under 42 U.S.C. § 1983. In a thorough and thoughtful Memorandum Opinion and Order, the district court entered summary judgment on the grounds that (1) the mobile home parks and managers, as private defendants, were not liable under § 1983 because they were not acting under color of state law; and (2) the police officers and the City were not liable because ACORN failed to make an affirmative showing that a municipal defendant had violated a clearly-established statutory or constitutional right.

ACORN appealed. This court, however, granted ACORN's motion to dismiss the municipal defendants on July 16, 1998. At issue in this appeal, therefore, is the entry of summary judgment in favor of the private defendants only.

We agree with the district court that ACORN's claim against these defendants is similar to the one made by plaintiff in Pino v. Higgs, 75 F.3d 1461 (10th Cir. 1996) and that, accordingly, summary judgment is the appropriate disposition of the matter. As we have stated,

> "[i]n order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the state."

Id. at 1465 (quoting Lee v. Town of Estes Park, 820 F.2d 1112, 1114 (10th Cir. 1987)). We are "'disinclined'" to find state action "where a private party is simply reporting suspected criminal activity to state officials who then take whatever action they believe the facts warrant.'" Pino, 75 F.3d at 1465 (quoting Lee, 820 F.2d at 1115).

Moreover, we reject ACORN's contention that its claim would have survived summary judgment if the court had analyzed the state action requirement under the rationale of Marsh v. Alabama, 326 U.S. 501, 505-09 (1946). In that case, a private company effectively operated as the municipal government. It owned the streets, sidewalks, and business block; paid the sheriff; owned and managed the sewage system; and owned the building where the United States post office was located. See id. at 502-03. The Court determined that the company town was the "functional equivalent" of a municipality. Browns v. Mitchell, 409 F.2d 593, 596 (10th Cir. 1969).

The private owner of the two mobile home parks involved in this appeal has not assumed "all of the attributes of a state-created municipality," exercised "semi-official municipal functions as a delegate of the State," or performed "the

full spectrum of municipal powers." Hudgens v. NLRB, 424 U.S. 507, 519 (1976) (quoting Lloyd Corp. v. Tanner, 407 U.S. 551, 569 (1972)). These parks do not fall within the Marsh "company town" exception to the rule that the First Amendment constrains only governmental action.

We have reviewed the record in this matter and discern no reversible error. We AFFIRM.

Entered for the Court


Bobby R. Baldock
Circuit Judge